UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION



CARLOS GARCIA, Individually and
On Behalf of All Others Similarly
Situated,

§
§
§
§
Plaintiff(s),                          §          No. __7:21-cv-00198_____
§
v.                                     §
§
RG WELDING OILFIELD                     §
SERVICES, LLC, AND ROGELIO             §
GALINDO                                §
§

Defendant(s).

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Carlos Garcia (referred to as "Plaintiff" or "Garcia")

bringing this collective action and lawsuit on behalf of himself and all other similarly

situated employees to recover unpaid overtime wages from Defendant RG Welding

Oilfield Services LLC. (referred to as "RG Welding") and Defendant Rogelio Galindo

(referred to as "Galindo"). In support thereof, he would respectfully show the Court as

follows:

### I. Nature of Suit

1.      Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29

U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers …." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.     RG Welding and Galindo violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.     RG Welding and Galindo violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.     Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.     Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because RG Welding and Galindo reside in the Midland Division of the

Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8.      Carlos Garcia is an individual who resides in Midland County, Texas and who was employed by RG Welding during the last three years.

9.      RG Welding Oilfield Services, LLC. is a Texas corporation that may be served with process by serving its registered agent: Rogelio Galindo, at 5309 S. Count Rd. 1210 Midland, TX 79706. Alternatively, if the registered agent of RG Welding Oilfield Services LLC. cannot with reasonable diligence be found at the company's registered office, RG Welding Oilfield Services LLC. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Galindo is an individual who resides in Midland County, Texas and who maybe served with process at: 5309 S. Count Rd. 1210 Midland, TX 79706. *See,* Tex. Civ. Prac. & Rem. Code § 17.021.

11.     Whenever it is alleged that RG Welding committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of RG

Welding or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.     RG Welding is a welding services company for the oil and gas industry; it does business in the territorial jurisdiction of this Court.

13.     Galindo was also Plaintiff's employer – and individually liable to him for the FLSA violations described below – because he: (1) had the authority to hire and fire RG Welding employees, including Garcia; (2) supervised or controlled RG Welding employees work schedules or conditions of employment, including Garcia's schedules or conditions of employment; (3) determined the rate or method of payment for RG Welding employees, including Garcia, and/or (4) maintained RG Welding employees records, including Garcia's records.

14.     RG Welding and Galindo employed Plaintiff as a laborer from approximately January 2017 to June 2020.

13.     As laborer, Plaintiff was primarily responsible for the maintenance of valves and pipes.

14.     During Plaintiff's employment with RG Welding and Galindo, he was engaged in commerce or the production of goods for commerce.

15.     During Plaintiff's employment with RG Welding and Galindo, the company had employees engaged in commerce or in the production of goods for commerce.

16.    During Plaintiff's employment with RG Welding, the company had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others.

17.    During Plaintiff's employment with RG Welding, the company had an annual gross volume of sales made or business done of at least $500,000.

18.    RG Welding and Galindo paid Plaintiff on an hourly basis.

19.    During Plaintiff's employment with RG Welding and Galindo, he regularly worked in excess of forty hours per week.

20.    RG Welding and Galindo knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

21.    RG Welding and Galindo did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22.    Instead, RG Welding and Galindo paid Plaintiff at his normal hourly rate for all the hours he worked.

23.    In other words, RG Welding and Galindo paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

24.    RG Welding and Galindo knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

25.     RG Welding and Galindo failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26.     RG Welding and Galindo knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27.     RG Welding and Galindo are liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28.     All laborers employed by RG Welding and Galindo are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from RG Welding and Galindo pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

29.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

30.     During Plaintiff's employment with RG Welding and Galindo, he was a nonexempt employee.

31.     As a nonexempt employee, RG Welding and Galindo were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

32.     RG Welding and Galindo did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

33.     Instead, RG Welding and Galindo paid laborers, including Plaintiff, at their normal hourly rate for all the hours they worked.

34.     In other words, RG Welding and Galindo paid Plaintiff and the other laborers for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

35.     If RG Welding and Galindo classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36.     RG Welding and Galindo knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, RG Welding and Galindo willfully violated the overtime requirements of the FLSA.

37.     As a result of the FLSA violation(s) described above, RG Welding and Galindo are liable to Plaintiff for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

38.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

39.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40.     In addition to the pay violations of the FLSA described above, RG Welding and Galindo also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

41.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

42.     On information and belief, other employees have been victimized by RG Welding and Galindo's violations of the FLSA identified above.

43.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44.     RG Welding and Galindo's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46.     All employees of RG Welding and Galindo, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All laborers employed by RG Welding and Galindo during the last three years that were improperly paid straight time for overtime.

47.     RG Welding and Galindo are liable to Plaintiff and the other laborers for the difference between what it actually paid them and what it was legally obligated to pay them.

48.     Because RG Welding and Galindo knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other laborers their unpaid overtime wages for at least the last three years.

49.     RG Welding and Galindo are liable to Plaintiff and the other laborers in an amount equal to their unpaid overtime wages as liquidated damages.

50.     RG Welding and Galindo are liable to Plaintiff and the other laborers for their reasonable attorneys' fees and costs.

51.     Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

52.     Plaintiff prays for the following relief:

    a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b.  judgment awarding Plaintiff and the other laborers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c.  prejudgment interest at the applicable rate;

    d.  postjudgment interest at the applicable rate;

    e.  incentive awards for any class representative(s); and

    f.  all such other and further relief to which Plaintiff and the other laborers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Aimara Flores
State Bar No. 24114893